## A11A0125. IN THE INTEREST OF J. H., a child.
### (713 SE2d 472)

DOYLE, Judge.

The mother of a four-year-old boy, J. H., appeals from a juvenile court order finding the child to be deprived. The mother contends that insufficient evidence supports the juvenile court's finding of deprivation, and she argues that the juvenile court erred by finding that the DeKalb County Department of Family and Children Services ("the Department") made reasonable efforts to support the mother and by failing to make a finding of whether the mother's conduct or unfitness resulted in the abuse or neglect of J. H. For the reasons that follow, we reverse.

> A deprived child is one who is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health or morals. In determining whether a child is deprived, the court focuses on the needs

of the child rather than parental fault. And a temporary loss of custody is not authorized unless the deprivation resulted from unfitness on the part of the parent, that is, either intentional or unintentional misconduct resulting in the abuse or neglect of the child or by what is tantamount to physical or mental incapability to care for the child. On appeal from a finding of deprivation, we review the evidence in the light most favorable to the juvenile court's judgment and determine whether any rational trier of fact could have found by clear and convincing evidence that the child was deprived and whether, under the circumstances, the court properly awarded temporary custody of the child.[1]

So viewed, the record shows that in September 2007, the Department became involved with the mother and J. H., who was born in March 2007. In September 2007, the mother's sister, who was living in the same household at the time, had her similarly aged child removed by the Department based on allegations that the child was burned by the grandmother's cigarette. Apparently, the removal of the mother's nephew prompted the removal of J. H., who was soon returned to the mother's custody. The Department provided services to the mother in the form of counseling and parent aides. On August 13, 2009, the Department filed a petition, alleging that a parental fitness evaluation performed on the mother on July 7, 2009, concluded that she should not "independently maintain custody of [J. H.] regardless of the services being provided in the home." The only document in the record that supports this allegation, however, is a psychological and parental fitness evaluation that was performed when J. H. was eight months old, presumably before he was returned to the mother after his initial removal.

In its 72-hour-hearing order, the juvenile court found that the mother had not been compliant with the Department with regard to the services provided to assist her to improve her parenting skills. On September 4, 2009, the Department filed a deprivation petition, contending that the mother had cognitive limitations that affected her ability to adequately parent, and she did not comply with the parent aide and counselor provided to her because she did not believe that she needed assistance with parenting J. H. The case plan cited neglect and inadequate housing as the reasons J. H. was placed in Department custody.

The juvenile court conducted a detention hearing on August 31, 2009, which was continued to January 26, 2010. A caseworker

---

[1] (Citations and punctuation omitted.) *In the Interest of M. K.*, 288 Ga. App. 71 (1) (653 SE2d 354) (2007). See also OCGA § 15-11-2 (8) (A).

testified that the Department had been involved with the mother and J. H. since September 2007. The caseworker stated that from June 2009 to August 2009, she conducted at least six visits to the mother's residence, observing dirty dishes in the sink, dirty carpet, lack of fruits or vegetables in the residence, J. H. wearing only a diaper both inside and outside of the residence, and the mother spanked J. H. twice. There was no testimony presented by the caseworker, however, that J. H. sustained any physical injury from the spanking, that there was any medical evidence of injury to J. H., or that J. H. was harmed when he was clothed only in a diaper. Moreover, the caseworker testified that there was always food in the residence, although the food consisted of meats and convenience foods, which she characterized as "adequate." A family counselor testified that her observations of the mother's interactions with J. H. had "been appropriate."

The juvenile court found the child to be deprived based on the mother's low level of cognitive functioning and because she was not compliant in working with the parent aide and counselor provided by the Department.

The mother argues that there was insufficient evidence to show that J. H. was deprived. Specifically, the mother contends that there is a lack of clear and convincing evidence to support a finding that she is unfit to care for J. H. or that any cognitive disability has had an adverse effect on J. H. We agree and reverse.

Even when viewing the record evidence in the light most favorable to the juvenile court's finding, we conclude that the State has simply failed to provide sufficient evidence to show that J. H. was deprived.[2] There was testimony that J. H., a toddler, may not have been wearing clothing other than a diaper in the middle of summer, that the mother's home may not have contained a great variety of types of food, that the mother had engaged in physical discipline of J. H., and that the home was dirty. Nevertheless, there was a complete lack of evidence that any of these facts had resulted or would result in any harm to J. H.[3] While there was some evidence

---

[2] See In the Interest of A. J. I., 277 Ga. App. 226, 229-231 (626 SE2d 195) (2006).

[3] See In the Interest of H. S., 285 Ga. App. 839, 842-843 (648 SE2d 143) (2007) (reversing deprivation finding because there was no evidence that isolated incident of physical abuse had negative impact on child); A. J. I., 277 Ga. App. at 229-231 (reversing deprivation because evidence that mother had tested positive for marijuana was not sufficient to sustain finding of harm to child or to support inference that mother was a chronic drug abuser, which would harm child); In the Interest of T. L., 269 Ga. App. 842, 844-846 (2) (605 SE2d 432) (2004) (reversing finding of deprivation because there was no evidence showing how child was negatively affected by "filthy" conditions in home); In the Interest of M. L. C., 249 Ga. App. 435, 436-439 (2) (548 SE2d 137) (2001) (evidence insufficient to support finding of deprivation even though parents admitted to substance abuse, depression, and incidents of domestic violence because evidence failed to show an adverse effect on child).

that the mother did not believe that she needed assistance from the Department appointment counselor and parent aide, there is no evidence that her failure to readily accept their advice and assistance resulted in any harm to J. H. Accordingly, we reverse the juvenile court's determination that J. H. was deprived.

*Judgment reversed. Ellington, C. J., and Miller, P. J., concur.*

DECIDED JULY 1, 2011.

*Hurl R. Taylor, Jr.*, for appellant.

*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Kathryn A. Fox, Assistant Attorney General, Jerry W. Thacker*, for appellee.